**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:10-cr-410-T-26TGW

TIMOTHY SCOTT BIDWELL
_____/

**O R D E R**

Before the Court is Defendant's Motion for New Trial (Dkt. 96). After careful consideration of the argument and submissions of the Defendant and the conduct of the trial, the Court concludes that a response from the Government is unnecessary and the motion must be unequivocally denied. The Court finds that the Government did not "sandbag" the defense by preventing introduction of evidence in the Defendant's case in chief and then cross-examining the Defendant with the same evidence.

Throughout the trial, the Court's rulings were primarily based on relevancy under Federal Rule of Evidence 403, specifically concerning the possibility of misleading or confusing the jury regarding numerous past incidents the Defendant participated in regarding sexual conduct through the use of Craig's list and the internet, and the unnecessary cumulative effect of having the jury hear repeatedly about those prior incidents involving the Defendant. The video taken from the media card at the time of Defendant's arrest, photographs from the same media card, emails addressing the video

and photographs, and various other emails and photographs revealing Defendant's interest in seeking sex from adult women, were properly excluded under Rule 403. However, the exclusion of these evidentiary items did not deny the Defendant the opportunity to develop his theory of defense— that he had always sought sex with adults, not minors, and would "talk about sexual activity in which he had no interest (including sex acts with children) so as to entice adult women to have sex with him."[1]  His theory of defense, that he was not intending to induce minors to engage in sex acts with him in this particular instance because he had induced only adult women to have sex with him in the past, was made abundantly clear throughout the trial.

     That the Defendant contends the admission of the above-mentioned items would have placed the incident at issue in a different light or that he could have established a chain of inferences that might have led the jury to believe he did not have the requisite intent for the crime, is unpersuasive.  Introduction of evidence involving other sexual incidents or sexual intents, as was displayed in the contested materials, would have only confused the jury with respect to the crime for which the Defendant was indicted.  That the Government argued that the Defendant's behavior was akin to a "pimp's" was based on the Defendant's own testimony in keeping with his theory of the defense that he sought sex with adult women only.  Consequently, because the Defendant testified at length about what he claimed his true intent was, the Government acted appropriately in

---

[1] See Motion for New Trial at docket 96 at pp. 6-7.

cross-examining and arguing in closing about what it claimed his true intent was in this case: to engage in prohibited sexual activity with a minor child.

Accordingly, the Court finds that Defendant has not shown that any evidentiary rulings had a substantial prejudicial effect, see United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004), or that this Court has made a clear error of judgment or applied a wrong legal standard. See United States v. Lyons, 403 F.3d 1248, 1255 (11th Cir. 2005). It is therefore **ORDERED AND ADJUDGED** that the Defendant's Motion for New Trial (Dkt. 96) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on March 7, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record